Wachtler, J.
(dissenting). Until today I had thought it understood, even by laymen, that one cannot tell a book by its cover. Nevertheless, the majority, focusing on a changed cover format, has artificially split a single unified publication into two distinct parts in order to avoid the consequences of the Statute of Limitations.
This publisher, in remarketing the book containing the alleged libel in soft-cover form, used the very same pages from the original printing; the changes, in essence, were *439 cosmetic. It is especially noteworthy that there was no reprinting of the text in such a way as to afford the publisher an opportunity to alter the controversial portion. Had that been the case, the rejection of such an opportunity might well have been viewed as a separate actionable wrong. But no such facts are presented here.
Instead we are faced with a reasonable book-marketing procedure which undoubtedly will be chilled by the bifurcation rule the majority adopts. A single one-year Statute of Limitations is an inherent part of the protection afforded by the single publication rule (see Gregoire v Putnam’s Sons, 298 NY 119, 123). However, after today, a publisher seeking to avoid successive limitations periods will be forced to choose between limiting the number of copies in a first printing, or risking expensive revisions to copies not immediately sold in the hard-cover format.
In this area especially, involving First Amendment rights, the court should avoid creating technical and unrealistic impediments to the free expression of ideas.
Chief Judge Cooke and Judges Gabrielli, Jones and Meyer concur with Judge Fuchsberg; Judge Wachtler dissents in part and votes to modify in a separate opinion in which Judge Jasen concurs.
Order affirmed, with costs to plaintiff against defendant Viking on Viking’s appeal and with costs to defendants Newfield and Du Brul against plaintiff on plaintiff’s appeal, and question certified answered in the affirmative.